UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES TYLER SINCLAIR,<br><br>    Defendant. | Case No. 4:23-cr-00066-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant James Sinclair's Motion to Reduce Sentence (Dkt. 43) and Motion to Appoint Counsel (Dkt. 47). The Government has not responded to either motion. Upon review, and for the reasons set forth below, the Court DENIES both Motions.

## II. BACKGROUND

On February 28, 2023, a federal grand jury indicted Sinclair for one count of possession with intent to distribute methamphetamine and two counts of unlawful possession of a firearm. Dkt. 1.

On May 30, 2023, the United States filed a Motion for Writ of Habeas Corpus ad Prosequendum to effectuate Sinclair's appearance in federal court because he was then in the custody of the Bingham County Jail. Dkt. 7. United States Magistrate Judge Debora K. Grasham granted the Motion. Dkt. 8.

Sinclair was arraigned on June 15, 2023. Dkt. 10. Sinclair waived a detention

hearing. Dkt. 13.[1]

On August 17, 2023, Sinclair pleaded guilty to a Superseding Information (Dkts. 17, 18) and on December 19, 2023, the Court sentenced him to 100 months of incarceration to be followed by five years of supervised release. Dkts. 38, 39, 40. The Court specifically noted Sinclair's federal sentence would run concurrent to any sentence or time he was then serving in state court.

Sinclair now asks the Court to apply the time he was "already serv[ing] in county jail toward [his federal] sentence." Dkt. 43, at 1. Noting the Court said at sentencing that he should receive "credit with all time held in federal hold/custody, and that [his] state and federal charge are to run concurrently," Sinclair seeks credit for the time he was sitting in Bingham County Jail from the time of his arraignment on June 15, 2023, to the time of his sentencing on December 19, 2023.

Sinclair also filed a Motion to Appoint Counsel, asking the Court to appoint an attorney to help him file a motion for compassionate release in light of his wife's ongoing health challenges. Dkt. 47.

### III. ANALYSYS

#### A. Motion to Reduce Sentence

Program Statement 5880.28 and 18 U.S.C. § 3585(b) preclude the application of credit for time that has been credited against another sentence. In addition, Program

---

[1] Sinclair did not, however, waive remand into federal custody. Thus, from that point forward he was "in" federal custody. That said, Idaho retained primary jurisdiction over him until the Court imposed sentence and, as explained below, Sinclair's time in jail counted towards his parole violation.

MEMORANDUM DECISION AND ORDER - 2

Statement 5880.28 and 18 U.S.C. § 3585(a) provides that the earliest possible date a federal sentence can commence is the date on which it is imposed.

Calculating Sinclair's time in this case is, frankly, confusing. The Court reached out to United States Probation and Parole *and* the Bureau of Prison's ("BOP") sentencing computation team to verify *how* Sinclair's time is being calculated and provides the following summary.

On June 16, 2022, Sinclair was paroled on an Idaho state case for grand theft. On August 4, 2022, the state filed a parole violation alleging Sinclair was using drugs, had failed to appear for testing, and had absconded from supervision for a time. A parole violation warranted issued that same day. On September 26, 2022, law enforcement arrested Sinclair pursuant to the parole violation warrant. At that point, the State of Idaho had primary jurisdiction, Sinclair was in the state custody, and he was receiving credit for his parole violation.

Five months later, on February 28, 2023, Sinclair was indicted in this federal case. Dkt. 1. A federal arrest warrant issued that same day. Dkt. 2.[2] However, because Sinclair was already in custody, he stayed at the Bingham County Jail. When Judge Grasham issued a writ to bring Sinclair over to federal court, the United States took legal custody over him. But because the state retained primary jurisdiction, regardless of his official custody status, Sinclair was still serving time on his parole violation. Thus, Sinclair was receiving credit for that time towards his state parole violation, and could not receive simultaneous credit

---

[2] Charges were filed in state court around the same time as well. However, due to the federal indictment, the state charges were later dismissed. Sinclair was still serving time on his state parole violation regardless.

towards his later-imposed federal sentence. *See* Program Statement 5880.28; 18 U.S.C. § 3585(b).

As Sinclair notes, the Court ordered his federal sentence to run concurrent with any state sentence he was serving. And it did run concurrent to his state time—once it was imposed. But the Court could not reach back in time and give Sinclair credit from the date of his arraignment because he was receiving credit towards his parole sentence during that time.[3] *See* Program Statement 5880.28; 18 U.S.C. § 3585(a). Thus, BOP has correctly calculated Sinclair's federal custody time as beginning on December 19, 2023, and a further reduction will not be granted. Sinclair's Motion to Reduce Sentence is DENIED.

### B. Motion to Appoint Counsel

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Rather, the decision whether to appoint counsel in post-conviction proceedings (such as motions for compassionate release) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). Sinclair has been able to articulate himself clearly in his filings and the Court is confident he can continue to do so regarding compassionate release without the assistance of counsel. Accordingly, the Court DENIES Sinclair's request to appoint counsel.

---

[3] Sinclair was eventually paroled from state custody on March 15, 2024, and transferred to federal custody. However, he received federal time from December 19, 2023, until March 15, 2024, pursuant to the Court's concurrent sentencing instructions.

## IV. ORDER

The Court **HEREBY ORDERS**:

1. Sinclair's Motion to Reduce Sentence (Dkt. 43) is DENIED. The Court will not alter or amend BOP's calculations.

2. Sinclair's Motion to Appoint Counsel (Dkt. 47) is DENIED.

DATED: October 7, 2025

_____
David C. Nye
Chief U.S. District Court Judge